Case number 12-2296, Jasmine Jordan v. City of Detroit, et al. Argument not to exceed 15 minutes per side. Mr. Thomas, you may proceed for the appellee. Good morning, Your Honors. May it please this Honorable Court, Aaron Thomas appearing on behalf of Wayne County. Good morning, and note for the record what's been noted already that counsel for the appellant has decided to submit the case on the briefs, and you are obviously here appearing on behalf of your client. And I guess what I would ask of the court, obviously this case has been extensively briefed. It was a very highly contentious case, as you well know, having looked at the briefs. If you have any specific questions before I get started, I'd be happy to entertain those, or I'd just like to maybe just give a brief recitation of the facts and the appellant's position. Well, I guess my question would be more directed to the plaintiff appellant, but under a Monell claim, and that's all we have here against Wayne County because the other defendants have been either dismissed or there's not appeals as to the other defendants, so all we're left is with the governmental defendant who does not have vicarious liability. So under Monell, the plaintiff has to allege a policy, custom, or practice as to the 1983 claim against the governmental defendant. Here, have they done so? No, and as a matter of fact, Your Honor, that was one of the things that was pointed out by the district court in a lengthy discussion starting at page 18 of the 24-page opinion. Basically, what the district court said was the county, having brought forward a valid motion for a summary judgment, the plaintiff, as the non-movement, did not come up with any evidence by way of affidavit, testimony, documents, or anything to point to any type of unconstitutional policy on the part of Wayne County. That was the moving force behind any type of constitutional deprivation. But even before that, the court pointed out that the plaintiff had wholly failed to even allege or prove any type of injury. Is there a Monell claim pled in the complaint? You're saying there's lack of evidentiary support, or is it also lack of pleading? There was lack of evidentiary support, but also lack of pleading in the First Amendment complaint. There is no allegation in the First Amendment complaint that there was any type of unconstitutional policy. And certainly, after a year of discovery, there was absolutely no evidence or proof thereof. This is both malicious prosecution and a failure to protect the jail? That's correct. That's correct. That's correct. And in the absence of any individual defendants, Wayne County defendants, the City of Detroit police officers, already having been dismissed out and settled out of the case, the judge thought that, based on the evidence in the record before it, that granting summary judgment in Wayne County's favor was appropriate. And obviously, we agree with that position. I don't want to ask anything that's not part of the record, but this lawsuit had been resolved at some point, apparently. With the City of Detroit? The City of Detroit, but not with Wayne County. I don't want you to go beyond the record. But apparently, you're here today, and whatever resolution or settlement occurred does not bind Wayne County at this time? That's correct, Judge. Sir, I'd like to know more, if you can share, what happened at the preliminary examination regarding Milner's identification of Johnson? My view of the record reveals it didn't come up. Can you help me to understand how that happened, or it didn't happen? Absolutely, and I have a copy of the preliminary examination, and that was document 59-2. It was exhibit 2 of an exhibit by Wayne County. Milner, who was the fiancé of the person who was shot and killed, actually murdered, testified, and in court, identified the plaintiff, Jordan, as the shooter. She also testified that she had identified the plaintiff as the shooter at the scene of the crime. Importantly, Milner was the only testifying witness who was subject to the cross-examination, not only available, but actually cross-examined by the criminal defense, Mr. Jordan's criminal defense attorney. So there was the in-court identification of Jordan as the shooter. There was the on-scene identification of Jordan as the shooter. And both of those points were noted and testified to in open court by Milner, and it was the basis of the probable cause finding by the district court judge. And I agree with you so far. The challenge I'm having is what wasn't presented at the probable cause hearing, and that was the intermittent or interceding identification of a different individual, Johnson, via the photo lineup. And if you, I agree with you that 59-2, page 39, the magistrate judge concludes that based upon the evidence, and as you've said, the evidence was only Milner's evidence, that the defendant at that time was the shooter. But Johnson, the identification of him via the photo lineup that happened between the two didn't come up. It seems that that should have been something the court should have been made aware of, and it's that about which I'd like to be better informed. Understood. And, Judge, to be quite honest with you, I'm not familiar with that particular fact. What I do know is that Mr. Jordan was represented by counsel, and for whatever reason, his counsel didn't bring that up. Well, what I ask is of you, as a representative of Wayne County, were you aware, if you know? No, I was not. A representative of the state aware? I cannot answer that question. I personally, obviously, Judge, was not. I cannot answer that question. Thank you, sir. I appreciate what you've done. Thank you. If there's any other questions other than that, I'm... Apparently not. Thank you very much. Thank you very much, Mr. Thomas. We appreciate your argument today, and the case will be submitted. Thank you, Judge.